Austin B. Taylor v. Commissioner. Polly Davis Taylor v. Commissioner.
Taylor v. Commissioner
Docket Nos. 5604, 5605.
United States Tax Court
1945 Tax Ct. Memo LEXIS 239; 4 T.C.M. (CCH) 380; T.C.M. (RIA) 45125; April 12, 1945
*239 Austin B. Taylor, pro se. Donald P. Chehock, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: Petitioners are husband and wife and they reside in Texas where the law of community property applies to their property interests. They filed separate returns for the year 1941 in which each reported net community property income, and each computed income tax upon his one-half community interest. In computing the net community income a deduction of $4,174.21 was taken for a loss from a fire uncompensated for by insurance or otherwise. Respondent disallowed $3,000 of the claimed deduction which resulted in the determination of a deficiency of $429 for each taxpayer. The only question is whether a loss was sustained in the net amount of $4,174.21, so that an additional deduction of $3,000 should be allowed. The petitioners filed their returns with the collector for the first district of Texas. Findings of Fact Petitioners are husband and wife. Austin B. Taylor is referred to hereinafter as petitioner. During 1941 petitioner was a director and vice-president of Davis and Co. Inc., in Houston. He resided in Houston. On the property *240 where he lived there was a separate building at the rear of the house for garage and servants' quarters. On March 30, 1941 there was a fire in the garage building which caused damage to the building and its contents. Petitioner carried fire insurance but the terms of the policy limited the recovery for a fire loss in any outbuildings, other than the residence, to $2,000. There was a room in the garage in which petitioner stored wines and liquors. The fire destroyed the collection except for a small amount having a salvage value of $100. Petitioner sustained a loss from damage to the garage building and the contents, other than wines and liquors, in the amount of $2,192.87. From December of 1940 up until the time of the fire, petitioner purchased in Houston wines and liquors. Some purchases were charged to an account and some were made for cash. During this period petitioner purchased from the European Import Co. in Houston at a cost of $4,765.20, the following: 40 cases of White Horse Scotch whiskey at $50 a case, $2,000; 5 cases of 17 year old Valentine Scotch whiskey at $75 a case, $375; 3 cases of Courvoisier brandy at $95.40 a case, $286.20; 10 cases of Paul Roger champaigne *241 at $115 a case, $1,150; 2 cases of 14 year old rye whiskey at $120 a case, $240; 1 case of Old Belmont whiskey, $150; 1 case of Old Taylor whiskey at $150 a case; and 12 bottles of old brandy, Crozette, at $39.75 per bottle, $477; total $4,765.20. At the time of the fire all of the above stocks were stored in the liquor storage room in the garage with the exception of about $500 of liquor which had been consumed. Petitioner sustained a loss from the destruction of liquors stored in the garage, less $100 salvage value, in the amount of at least $3,981.34. The total loss from the fire, based upon cost, was $6,174.21. After recovering $2,000 insurance, the net loss from fire sustained by petitioner was $4,174.21, which was not compensated for by insurance or otherwise. Opinion Petitioner deducted on his return $4,174.21 for loss sustained in the taxable year from fire. Respondent has agreed that the loss sustained from damage to property in the garage building, exclusive of damage to liquors, was in the amount of $2,192.87. With respect to the loss claimed for destruction of liquors, respondent has agreed that petitioner had purchased liquor at a cost of $1,581.34, and that *242 $500 worth had been consumed prior to the fire, so that the liquor stored in the garage at the time of the fire amounted to $1,081.34, based on cost. After the fire the salvage value of the remaining liquor was $100. Respondent determined, therefore, that petitioner sustained a loss from the destruction of liquor in the amount of $981.34. Thus, respondent has recognized a total loss of $3,174.21, from which he subtracted the $2,000 of insurance recovered, leaving a net loss of $1,174.21. Respondent allowed the deduction claimed to the extent of the latter amount and disallowed $3,000 of the deduction which was taken. Petitioner alleged in his petition that respondent erred in disallowing $3,000 of the deduction claimed. Respondent entered a general denial. The issue presented is, therefore, whether petitioner sustained loss from the fire in the additional amount of $3,000. That is the issue presented by the pleadings. The issue is not framed or restricted by some statements in petitioner's brief and made by him at the hearing, relating to some alleged purchases of liquor in Mexico and in San Antonio, Texas. Petitioner contends that he had purchased liquors at a total cost of at *243 least $4,581.34, of which there was consumed $500 worth prior to the fire, leaving $4,081.34 as the cost of liquor stored in the garage at the time of the fire. After subtracting the $100 of liquor salvaged, hecontends that he sustained a loss of $3,981.34 from damage to liquors, plus the loss of $2,192.87 from damage to other property, (total $6,174.21); and that subtracting the $2,000 insurance recovered, the net loss was $4,174.21. Petitioner had invoices for purchases of liquor showing a total cost of $1,581.34. He had no record of the cash spent for other purchases and could not obtain such records from those who had sold him liquor. A salesman of the European Import Co. in Houston testified that he had sold petitioner liquors of various kinds for the total sum of $4,765.20 during the period from December of 1940 up to the time of the fire. That testimony is definite, clear and unrefuted. Upon that part of the testimony findings of fact have been made. The salesman was well qualified to testify regarding prices of various kinds of liquors. He had dealt with petitioner extensively. His testimony is entitled to full credence. Petitioner has sustained his burden of proof. It *244 may be that the cost of the liquor which was in the garage at the time of the fire exceeded the amount he has claimed under his pleadings and in his brief, to wit, $4,081.34, but there has not been any amendment to the pleading, and no claim has been made for deduction of any amount greater than those taken in the return. Accordingly, it has been found as a fact that petitioner sustained a loss of at least $3,981.34 from the destruction of liquor stored in the garage. It is held that petitioner is entitled to further deduction of $3,000 for loss under section 23 (e) (3) of the Internal Revenue Code. The loss must be determined on the basis of cost. Mertens, Law of Federal Income Taxation, Vol. 5, par. 28:53, p. 211. Respondent's determination is reversed. Decisions will be entered for the petitioners.